UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br><br>Eaton Ferry Sales and Service, Inc.,<br><br>   Debtor. | Case No. 06-80033C-7D |
| Branch Banking and Trust Company,<br><br>   Plaintiff,<br><br>v.<br><br>Ronald Duane White; D&M Land Company, LLC; Duane White Land Corporation; Duane White Land Company, LLC; Eaton Ferry Marina, Inc.; Rivers Edge Land Company, LLC; Gaston Point Contractors, LLC; Lake's Edge Land Company, LLC; and Macon M. White,<br><br>   Defendants. | Adversary No. 06-9027 |

## OPINION AND ORDER

This adversary proceeding came before the court on December 14, 2006, for hearing on a motion by D & M Land Company, LLC ("D & M Land") and Macon M. White for dismissal pursuant to Rule 12(b)(1) and (7). Stephani W. Humrickhouse appeared on behalf of D & M Land and Macon M. White ("Movants"), Walter W. Pitt, Jr. and Daniel C. Bruton appeared on behalf of the plaintiff, John A. Northen appeared on behalf of Ronald Duane White and Sara A. Conti ("Trustee") appeared as Chapter 7 Trustee for Eaton Ferry Sales and

Service, Inc. ("Debtor"). For the reasons that follow, the court has concluded that the motion should be denied.

1. Motion to Dismiss for Lack of Subject Matter Jurisdiction.

The Movants seek dismissal of the First and Thirteenth Claims for lack of subject matter jurisdiction. The plaintiff asserts that both claims are related to the Chapter 7 case of Eaton Ferry Sales and Service, Inc. and therefore fall within the jurisdiction granted pursuant to 28 U.S.C. § 1334.

The Fourth Circuit has adopted the test set forth in <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984 (3d Cir. 1984), for determining whether a proceeding is related to a bankruptcy case. See <u>Owens-Illinois, Inc. v. Rapid American Corp. (In re Celotex Corp.)</u>, 124 F.3d 619, 625 (4th Cir. 1997). The Fourth Circuit has construed the <u>Pacor</u> test broadly by stating that the test "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." <u>In re Celotex Corp.</u>, 124 F.3d at 626.

In the First Claim, the plaintiff seeks to recover from D & M Land based upon a promissory note from D & M Land in the original amount of $4,500,000, which was guaranteed by the Debtor. The plaintiff has filed a claim in the Debtor's Chapter 7 case that includes the contingent liability of the Debtor under its guarantee

- 2 -

of the D & M Land note. If the $4,500,000 promissory note is collected from D & M Land as sought in the First Claim, the plaintiff's claim in the Chapter 7 case would be reduced by that amount which could affect the amount that other claimants receive in the case. The First Claim thus involves the possibility of an effect or impact upon the administration of the Debtor's Chapter 7 case and is a sufficient basis for finding that the First Claim is related to the bankruptcy case. See, e.g., In re A.H. Robins Co., Inc., 86 F.3d 364, 372 (4th Cir. 1996) (holding bankruptcy court had "related to" jurisdiction because the proceeding could affect the amount that each claimant would receive); Matter of Xonics, Inc., 813 F. 2d 127, 131 (7th Cir. 1987) (holding that when a proceeding "affects the amount of property available for distribution or the allocation of property among creditors" the proceeding is "related to" the bankruptcy case); In re Schuman, 277 B.R. 638, 647 (Bankr. E.D. Pa. 2001) ("Typically, litigation which is related to a bankruptcy case is litigation which will affect . . . the amount or priority of claims to be repaid.").

D & M Land and Macon White also argue that there is no related to jurisdiction with respect to the Thirteenth Claim, which is a claim for the avoidance of an allegedly fraudulent conveyance of certain real property from Ronald Duane White individually to Ronald Duane White and Macon M. White as tenants by the entireties. Any recovery by the plaintiff pursuant to this claim likewise would

reduce its claim in the bankruptcy case and thereby increase the return to other claimants. The claim thus involves the possibility of an impact upon the administration of the bankruptcy estate and is related to the bankruptcy case.

      2. Motion to Dismiss Pursuant to Rule 12(b)(7)
          for Failure to Join a Necessary Party.

In this portion of their motion D & M Land and Macon White assert that the fraud claims found in the Sixth through Twelfth and Fourteenth Claims for relief should be dismissed pursuant to Rule 12(b)(7). The Movants assert that the plaintiff has no standing to bring such claims because such claims belong to the Trustee and that such claims therefore should be dismissed for failure to join the Trustee as a necessary party. When the motion was filed, the Trustee was not a party to this proceeding. The Trustee has intervened and is now a party to this adversary proceeding. Such intervention obviates the argument that dismissal should occur pursuant to Rule 12(b)(7) for failure to join the Trustee as a necessary party. Thus, to the extent that the motion to dismiss is based on Rule 12(b)(7) for failure to join the Trustee as a party, the motion shall be denied. However, because the Trustee has not yet filed her pleading pursuant to Rule 7024(c) clarifying the claims for which she intervened, such denial shall be without prejudice to D & M Land and Macon White seeking dismissal of claims based upon lack of standing on the part of the plaintiff after the Trustee has filed her pleading. In the

- 4 -

meantime, D & M Land and Macon White shall have to and including January 24, 2007, within which to file answer to the plaintiff's complaint.

IT IS SO ORDERED.

This 19th day of December, 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Daniel C. Bruton, Esq.
Walter Pitt, Esq  .
P.O. Box 21029
Winston Salem, NC 27120-1029

John A. Northen, Esq.
P.O. Box 2208
Chapel Hill, NC 27514-2208

Stephanie W. Humrickhouse, Esq.
P.O. Box 18237
Raleigh, NC 27619

Sara A. Conti, Trustee

Michael D. West, Bankruptcy Administrator